SHIVERS, Judge.
Osborne W. Pryor, a convict, appeals final summary judgment quieting title to real property against him.
Pryor, a named defendant in the suit; showed in his pleadings that he was incarcerated. He also filed an appearance giving his wife his durable family power of attorney and requested that all correspondence to him be mailed to his prison address.
*29 At the time of the summary judgment hearing, Pryor was incarcerated in state prison, and was neither present at the final summary judgment hearing nor represented there by counsel. His wife was precluded from participation, which he asserts was error.
Section 65.061(2), Florida Statutes (1985), concerning quiet title actions, provides that “a guardian ad litem shall not be appointed unless it shall affirmatively appear that the interest of minors, persons of unsound mind or convicts are involved.” Our supreme court recognized, in regard to a predecessor statute, that the appointment of a guardian ad litem in quiet title actions has come to be regarded as essential in all cases involving minors, persons of unsound mind or convicts. McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 835 (1926).
We conclude that the trial court was correct in not allowing appellant’s wife, who was armed with his power of attorney, to represent him in this case. Appellant Pryor, however, had the right to a guardian ad litem. We reverse and remand the final summary judgment as to Appellant Pryor. We require that a guardian ad litem be appointed to represent him in this litigation.
REVERSED and REMANDED.
«TOANOS and NIMMONS, JJ., concur.